NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FREDY EDUARDO TOLOZA IBARRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-684

Agency No.
A087-746-223

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON, District Judge.[***]

Fredy Eduardo Toloza Ibarra, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("Board") decision dismissing his

appeal of the Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge
for the Eastern District of New York, sitting by designation.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's denial of asylum, withholding, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Considering "the totality of the circumstances and all relevant factors," we also review the Board's credibility findings for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021) (cleaned up).

1.      Substantial evidence supports the Board's adverse credibility determination. The Board gave "specific and cogent reasons" for its credibility finding, and the record does not compel a contrary conclusion. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).[1] The Board and IJ identified several inconsistencies in Mr. Toloza's testimony, including inconsistencies about the cartel with which Mr. Toloza's father allegedly associated. The Board also found it "implausible" that Mr. Toloza would not claim a fear of returning to Mexico when he was detained by ICE in 2016 if, as he alleged in his testimony, he had been threatened nine times since 2010. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022) ("Petitioner's failure to plausibly explain why he never mentioned any fear of returning to Mexico or any of the claimed robberies and assaults following prior deportations is significant and

---

[1]      Mr. Toloza argues that the Board applied the incorrect standard of review to the IJ's adverse credibility finding. It did not. The Board reviewed the IJ's credibility finding for clear error, 8 C.F.R. § 1003.1(d)(3)(i), based on the "totality of the circumstances, and all relevant factors," 8 U.S.C. 1158(b)(1)(B)(iii).

was properly considered and weighed by the agency in making its adverse credibility determination.").

2.        Substantial evidence also supports the Board's finding that Mr. Toloza was ineligible for asylum and withholding of removal. Without credible testimony about issues central to his eligibility for asylum and withholding, Mr. Toloza could not establish his asylum and withholding claims. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3.        Finally, substantial evidence supports the Board's holding that Mr. Toloza is ineligible for CAT protection. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But when a "petitioner's testimony is found not credible, to reverse the BIA's decision denying CAT protection, we would have to find that the reports alone compelled the conclusion that the petitioner is more likely than not to be tortured." *Id.* at 1048–49 (cleaned up); *see also* 8 C.F.R. § 1208.16(c)(2). Mr. Toloza submitted reports and articles that describe generalized violence, cartel activity, and police corruption in Mexico. This evidence, standing alone, "falls far short of compelling the conclusion that" Mr. Toloza "is more likely than not to be tortured if he returns to" Mexico. *Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017).

**DENIED.**